IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMEL TIANT MITCHELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. SAG-25-03990 |
| | * | |
| HOWARD COUNTY GOVERNMENT, | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

On December 5, 2025, Plaintiff Jamel Tiant Mitchell ("Plaintiff") brought this action against Defendants Younes Elmaatataoui, Eric M. Colson, Jacob D. Lorentson, Brian A. Maurantonio, Aaron Miller, and Howard County, Maryland (collectively "Defendants") alleging claims arising out of his interaction with Howard County Police Officers on November 3, 2022. ECF 1. Defendants have filed a motion to dismiss the complaint, alleging that Plaintiff's claims are time-barred and do not state any viable claim for relief. ECF 20. This Court has reviewed the motion, Plaintiff's opposition, ECF 21, and Defendants' reply, ECF 25. Following that review, this Court asked the Clerk's Office to file a declaration regarding Plaintiff's prior attempt to file a lawsuit in this Court, and that declaration was filed at ECF 26. This Court also offered the parties an opportunity to supplement their briefing in light of the declaration, ECF 27, and has reviewed the supplements filed, ECF 28, 29. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Defendants' motion to dismiss will be granted.

## I.   FACTUAL BACKGROUND

The following facts are derived from the Complaint, ECF 1, and assumed to be true for purposes of adjudicating this motion. On November 3, 2022, Plaintiff, "an African American man," was staying at the Valencia Hotel in Howard County, Maryland. *Id.* ¶ 6. His former girlfriend, Ashley Rose Dean, came to the hotel with a bag of belongings, which Plaintiff placed outside the hotel room. *Id.* Dean then called the Howard County Police Department and falsely reported that Mitchell had an outstanding warrant for his arrest, had a gun in the hotel room, and had beaten her. *Id.* ¶¶ 7–8.

Police responded to the hotel and knocked on the door. *Id.* ¶ 9. Mitchel opened the door and provided his identification in response to the officers' request. *Id.* ¶¶ 9–10. While Plaintiff was displaying his identification to other officers, one of the officers entered the room, violently threw Plaintiff to the floor, pulled his hands behind his back and handcuffed him "roughly." *Id.* ¶ 12. His complaints of pain from the handcuffs were ignored. *Id.*

This lawsuit ensued, in which Plaintiff asserts claims of intentional infliction of emotional distress (Count One), violation of the First and Fourteenth Amendments (Count Two), and Respondeat Superior (Count Three). Defendants have moved to dismiss all three counts.

In his opposition to Defendants' motion, Plaintiff asserted that his case "was first filed on November 3, 3035 and then due to a glitch in the court filing system was refiled on December 5, 2025." ECF 21 at 1. Plaintiff further alleged that "[t]he first case, No. 25-CV-3592 has disappeared" from the PACER system. *Id.* To ascertain what happened, this Court requested a declaration from the Clerk's Office. In response, the Clerk filed an Affidavit stating that when Plaintiff's counsel opened Civ. No. 25-CV-03592, no complaint was filed. ECF 26. The Clerk subsequently instructed counsel to "file the initiating document" by close of business on November

18, 2025. *Id.* When he failed to do so, the Clerk closed the case and removed it from the Court system. *Id.*

## II. LEGAL STANDARDS

A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the

minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

The statute of limitations is an affirmative defense that must be raised by a defendant, who also has the burden of establishing the defense. Fed. R. Civ. P. 8(c); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Moreover,

> It follows, therefore, that a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred. But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] *on the face of the complaint*." *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) (emphasis added); *accord Desser v. Woods*, 266 Md. 696, 296 A.2d 586, 591 (1972).

*Id.*

### III.   ANALYSIS

#### A. Statute of Limitations

Defendants assert that Counts I and II are untimely filed. Because this action was filed more than three years after the incident, it appears that limitations may be a serious issue, potentially barring Plaintiff's claims. However, adjudication will require consideration of the affidavit from the Clerk's Office, which is outside the face of the Complaint, to establish whether Plaintiff can use the relation-back doctrine to bring his claims within the limitation window.[1] ECF 26. Out of an abundance of caution, this Court will decline to dismiss this action on the basis of the time-bar at this stage. Of course, should authorization be sought and granted to amend the complaint, Defendants will be free to re-raise their limitations argument.

#### B. Failure to State a Viable Claim (Counts I and II)

Counts I and II, however, are otherwise subject to dismissal because they do not state cognizable claims for relief. Count I asserts a claim for intentional infliction of emotional distress ("IIED"). In Maryland, an IIED claim requires four elements: "(1) [t]he conduct must be intentional or reckless; (2) [t]he conduct must be extreme and outrageous; (3) [t]here must be a causal connection between the wrongful conduct and the emotional distress; and (4) [t]he emotional distress must be severe." *Harris v. Jones*, 380 A.2d 611, 614 (Md. 1977). The extreme and outrageous element requires conduct "so outrageous in character, and so extreme in degree, as

---

[1] Plaintiff also appears to assert a "discovery rule" argument. ECF 21 at 2. However, this Court is unable to weigh its merits because his contention is unclear. He asserts that "[t]he efforts to discover what really happened to Mr. Mitchell is [sic] documented in Exhibit 4-7 herein." *Id.* There is no such exhibit on the docket. It is difficult to fathom how the discovery rule would apply to a case in which a plaintiff alleges physical assault – it is clear he was on inquiry notice of the Defendants' conduct when it happened.

to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting Restatement (Second) of Torts § 46 cmt. d (Am. L. Inst. 1965)).

Setting aside whether the other elements have been adequately pleaded, Plaintiff has not plausibly alleged that he experienced severe emotional distress from the incident at the hotel. An IIED claim requires a "severely disabling emotional response to the defendant's conduct," *Harris*, 380 A.2d at 616, even where conduct is sufficiently extreme and outrageous. *See* also *Takacs v. Fiore*, 473 F. Supp. 2d 647, 652 (D. Md. 2007) (finding that the plaintiff's allegations of "debilitating conditions, including 'severe depression, anxiety, sleeplessness, headaches and [being] sick to her stomach'" did not establish sufficiently severe distress since the plaintiff did "not allege that she ha[d] been unable to function on a daily basis" (first alteration in original)); *see also Manikhi v. Mass Transit Admin.*, 758 A.2d 95, 114–15 (Md. 2000) (collecting cases). Here, Plaintiff only makes a conclusory assertion that he suffered "severe and disabling" emotional distress, providing no detail about his ability to function. ECF 1 ¶ 14. He therefore has not stated a plausible claim for IIED, and Count I must be dismissed.

As to Count II, it fails to state any coherent constitutional claim. It refers to Plaintiff's "rights of freedom of speech and to petition the government for a redress of his grievances," including to police officers. *Id.* ¶ 17. But the factual recitations in the complaint make no reference to Plaintiff's freedom of speech being infringed. The injury alleged is an assault, which did not result from any speech. Plaintiff does allege that he complained about tight handcuffs after the assault, to no avail, but the Complaint does not link any other conduct by Defendants to those stated handcuff-related grievances.

Count II also makes passing reference to "Articles 24 and 40 of the Maryland Declaration of Rights", an "unreasonable search," and a failure to provide Plaintiff needed medical attention. But none of those assertions implicate "the First and Fourteenth Amendments," which are the cited bases for Plaintiff's § 1983 claim.[2] Defendants' motion highlights the confusing nature of Plaintiff's assertions, as it simply speculates about whether Plaintiff might be making an excessive force claim and responds as if he is. ECF 20-1 at 3.

Ultimately, Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Count II does not provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief because it is inscrutable. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, it will be dismissed without prejudice.

### C. Respondeat Superior

Defendants move to dismiss Count III because *respondeat superior* is not a separate cause of action. Plaintiff acknowledges that "Count Three is not really a separate cause of action." ECF 21 at 5. Because it does not state a viable legal claim, Count Three (the only count against Howard County) will be dismissed.

### IV.    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss, ECF 20, will be granted and Plaintiff's claims will be dismissed without prejudice. This case will be closed, subject to

---

[2] Further complicating matters, in his opposition, Plaintiff argues that "certain of the claims are akin to a false arrest claim" and that limitations would run "when the claimant first appears before a judge or magistrate and become [sic] held under legal process." ECF 21 at 2. Not only is there no mention of false arrest in the Complaint, but there are no allegations regarding any arrest or legal process. The complaint only states that Plaintiff was "driven to the local police precinct." ECF 1 ¶ 13.

reopening should Plaintiff file a motion seeking leave to amend within fourteen days. A separate implementing Order is filed herewith.

Dated:  July 27, 2026

_____/s/_____
Stephanie A. Gallagher
United States District Judge